1:25-cv-6130
Judge Sunil R. Harjani
Magistrate Judge Young B. Kim
RANDOM / Cat. 2



IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

DURWYN TALLEY, ) Plaintiff, ) ) v. ) Case No. _____ ) UNIVERSITY OF ILLINOIS AT CHICAGO, ) DR. BRIAN KRAWITZ, DR. DEEPAK EDWARDS, ) DR. MICHAEL OFFUTT, DR. AMAD AFER, ) DR. LUDFORD, DR. POPOVICH, ) NURSE PRACTITIONER MERSHON, ) NURSE EMOLEE, NURSE KING, ) NURSE ENGLES, ) SGT. MARTINEZ, LT. MCBRIDE, ) OFFICER OSBOURNE, ) JOSEPH JENNINGS, ) UIC MEDICAL DIRECTOR JOHN DOE #1, ) UIC APPOINTMENT SCHEDULER, ) JOHN DOE #2 (WEXFORD MEDICAL DIRECTOR),) DR. SY, ) WARDEN ANDREA TACT, ) WEXFORD HEALTH SOURCES, ) ILLINOIS DEPARTMENT OF CORRECTIONS, ) LEE, LIVINGSTON, and other unknown ) medical and correctional officials, ) Defendants. ),Idoc director Latoya Hughs;

COMPLAINT

Plaintiff Durwyn Talley, pro se, states the following complaint against the above-named Defendants:

I. JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and § 1343 (civil rights).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because the events giving rise to these claims occurred within the Northern District of Illinois, Eastern Division.

II. PARTIES 3. Plaintiff Durwyn Talley is a former inmate in the custody of the Illinois Department of Corrections (IDOC) and was housed at Dixon Correctional Center from May 23, 2023 until his parole in February 2025. 4. Defendants include medical providers and correctional staff employed by the University of Illinois at Chicago (UIC), Wexford Health Sources, and the IDOC, each acting under color of law at all relevant times.

III. STATEMENT OF FACTS 5. On May 23, 2023, Plaintiff Talley was transferred to Dixon Correctional Center from Pontiac Correctional Center. 6. Upon arrival, Talley immediately informed nurses Engles, Emolee, King, and others that he required urgent follow-up care for his right eye due to prior glaucoma revision and cataract surgery performed on May 11, 2022. 7. UIC doctors Krawitz, Edwards, Offutt, and Afer had performed the surgery, leaving painful stitches in his right eye, causing the glaucoma bleb to swell abnormally, and resulting in permanent damage including drooping of the eyelid and inability to raise it. 8. Plaintiff was denied follow-up treatment after the surgery and experienced recurring eye infections, vision loss, and severe pain. 9. Plaintiff informed multiple nurses and nurse

practitioner Mershon verbally and in writing that he required artificial tears, ointments, and a follow-up appointment with an eye specialist. 10. Plaintiff also explained that another surgery had been scheduled but was never carried out. 11. Defendant Joseph Jennings, in retaliation for lawsuits and grievances filed against him, directed prison staff and medical personnel to deny Talley necessary treatment. 12. Officers Osbourne and Sgt. Martinez told Talley that if he wanted medical treatment, he had to apologize to Jennings and stop filing complaints. 13. Plaintiff also reported these retaliatory acts and medical neglect to IDOC internal affairs officers Lee and Livingston in August and September 2023, but no corrective action was taken. 14. Talley was not seen by the prison eye doctor until approximately December 2023, after months of denied treatment and missed medications. 15. The prison eye doctor referred Talley back to UIC, the same doctors who caused the initial harm. 16. On December 14, 2023, after filing a court complaint in November, Talley was returned to UIC where Krawitz and Edwards administered tainted eye drops that caused immediate and irreversible vision loss in both eyes. 17. For months between May 2023 and his parole in February 2025, Plaintiff was repeatedly denied prescribed medications, including for three- and four-month stretches. 18. Plaintiff wrote to Warden Andrea Tact for over a year seeking help and informing her of his worsening condition. No action was taken. 19. Plaintiff wrote to Wexford's medical director, the IDOC director, and others starting in July 2023, but received no assistance. 20. Dr. Sy and the healthcare administrator were informed by Plaintiff and failed to intervene. 21. Talley continues to suffer from permanent damage, including vision loss, chronic pain, and emotional trauma due to the deliberate indifference and medical malpractice by Defendants.

## IV. CLAIMS FOR RELIEF

**Count I – Eighth Amendment (Deliberate Indifference to Serious Medical Needs)** 22. Defendants exhibited deliberate indifference by failing to provide necessary and timely medical care for Plaintiff's serious eye condition.

**Count II – Retaliation (First Amendment)** 23. Plaintiff was denied medical care in retaliation for filing grievances and lawsuits, violating his constitutional rights.

**Count III – Medical Malpractice (State Law Claim)** 24. UIC doctors negligently performed surgery and failed to follow up appropriately, resulting in permanent harm.

**Count IV – Monell Claim Against Wexford** 25. Wexford Health Sources maintained policies, practices, or customs that led to the systemic denial of medical care.

V. RELIEF REQUESTED WHEREFORE, Plaintiff respectfully requests that the Court: A. Award compensatory, punitive, special, and mental/emotional distress damages in an amount not less than $2 million; B. Revoke the medical licenses of all named medical

defendants; C. Order IDOC and Wexford Health Sources to pay all current and future medical costs related to Plaintiff's eye condition; D. Grant any other relief the Court deems just and proper.

Respectfully submitted,

_____

Durwyn Talley, Pro Se [Contact Information if applicable]